UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ADRIANNE LINDGRIN,<br><br>            Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>            Defendant. | CASE NO. 3:17-CV-05385-JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 7). This matter has been fully briefed. *See* Dkt. 11, 12, 13.

      Plaintiff was sexual assaulted between the ages of two and five, and at age fourteen. AR. 475. An examining doctor, Dr. Quisenberry, Ph.D., indicated that "a

diagnosis of PTSD is appropriate and warranted but the claimant was unable to provide enough data to support that diagnosis at this time," perhaps due to the PTSD itself. *Id*. Dr. Quisenberry opined that plaintiff's "social anxiety appears to play a significant factor in her ability to relate and interact with others, which would make seeking and retaining a job difficult." AR. 475. He also opined that "it is clear that [plaintiff] is significantly impaired at this moment in time . . . ." AR. 476. Similarly, plaintiff's treating psychiatrist opined that plaintiff "will not be able to be gainfully employed in any conceivable setting in any conceivable time in the near or distant future." AR. 509.

After considering and reviewing the record, the Court concludes that the ALJ erred when failing to credit fully the medical opinion from the treating psychiatrist. Although the ALJ found that the medical opinion was contradicted by the treatment record demonstrating that plaintiff's condition was stable and that she had experienced improvement, the ALJ failed to discuss significant probative evidence in the letter from the treating psychiatrist directly contradicting this finding by the ALJ.

Because this error is not harmless, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Order.

## BACKGROUND

Plaintiff, ADRIANNE LINDGRIN, was born in 1986 and was 27 years old on the amended alleged date of disability onset of October 16, 2013. *See* AR. 72, 268-76. Plaintiff has received her GED. AR. 63. Plaintiff has very little work history that includes filing papers and planting trees. AR. 64-70.

According to the ALJ, plaintiff has at least the severe impairments of "major depressive disorder; anxiety; post-traumatic stress disorder (PTSD); obsessive compulsive disorder (OCD); psychosis, not otherwise specified; bipolar disorder I; social phobia; and social anxiety (20 CFR 416.920(c))." AR. 16.

At the time of the hearing, plaintiff was living with her boyfriend and his cousin. AR. 89.

PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 100-110, 112-22. Plaintiff's requested hearing was held before Administrative Law Judge Elizabeth Watson ("the ALJ") on January 19, 2016. *See* AR. 55-99. On February 8, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 11-29.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ erred by rejecting the opinion of plaintiff's treating psychiatrist without providing specific and legitimate reasons; and (2) Whether the ALJ met her burden at step five of the sequential evaluation process. *See* Dkt. 11, p. 1.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### (1) Whether the ALJ erred by rejecting the opinion of plaintiff's treating psychiatrist without providing specific and legitimate reasons.

Among other arguments, plaintiff complains that the ALJ failed to credit fully the opinion from plaintiff's treating psychiatrist with a finding that the opinion is inconsistent with her stability and improvement, yet failed to mention the significant probative evidence of the physician's explanation of how stability and improvement do not demonstrate absence of disabling functional limitations. Dkt. 13, p. 3. Although defendant filed a brief and responded to other arguments, defendant failed to provide any response to this argument by plaintiff, and the Court concludes that it is persuasive.

When an opinion from a treating doctor is contradicted by other medical opinions, the treating doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2).

First, the ALJ notes that the opinion from treating psychiatrist, Dr. John Sindorf, M.D., regarding the ultimate issue of inability to work, is an ultimate issue reserved to the Acting Commissioner, an issue conceded by plaintiff. *See* AR. 20 (citation omitted); Dkt. 13, p. 2; *but see Reddick v. Chater,* 157 F.3d 715, 725 (9th Cir. 1998)) (Although "'the

administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, [] he cannot reject them without presenting clear and convincing reasons for doing so'") (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (other citations omitted)). Therefore, any error in the failure to explain why the opinion regarding the ultimate disability conclusion was not credited is waived. However, plaintiff contends that the ALJ erred by failing to credit fully the rest of the opinion from treating psychiatrist, Dr. Sindorf.

The ALJ offered a couple of reasons for failing to credit fully the rest of the medical opinion from the treating psychiatrist, Dr. John Sindorf, M.D. *See* AR. 20-21. The ALJ notes in her decision that Dr. Sindorf indicated that plaintiff "had a GAF score of 61-70 or 'perhaps a bit higher range', which suggests no more than mild mental limitations." AR. 20-21 (citing AR. 510-62). Plaintiff argues that there is nothing inconsistent between the GAF (Global Assessment of Functioning) and the rest of Dr. Sindorf's opinion. *See* Dkt. 11, p. 4. Defendant contends that because a GAF of 61 to 70 indicates an individual with some mild symptoms or difficulty, and a GAF of 71 to 80 indicates only transient symptoms or slight impairment, the ALJ logically concluded that Dr. Sindorf's GAF was inconsistent with the fact that he assessed marked limitations. Dkt. 12, pp. 5-6. Based on the record as a whole, and for the reasons stated, the Court concludes that plaintiff's argument is persuasive.

As argued by plaintiff:

> Dr. Sindorf did not opine that [plaintiff] was completely incapacitated by her mental health condition. He opined that she had various mild, moderate, and marked limitations. While overall her GAF score reflects

> that she is not severely impaired, meaning in danger of hurting herself or others, delusional, and/or unable to maintain personal hygiene, for example, it does not negate the fact that she has certain other specific limitations as a result of her mental health conditions that are vocationally significant.

*Id.*

Dr. Sindorf noted a few areas where plaintiff had only mild limitations, five areas where he opined she had marked limitations, and the remainder of the areas of functioning he opined that she had moderate limitations. *See* AR. 564-66. The fact that Dr. Sindorf assessed that generally, plaintiff had a GAF of 61 to 70 -- perhaps a little higher -- is not substantially inconsistent with these specific opined limitations, nor is it inconsistent with the presence of multiple marked limitations. As noted recently by the Ninth Circuit, "a GAF score is merely a rough estimate of an individual psychological, social, or occupational functioning used to reflect an individual's need for treatment, [] it does not have any direct correlate of work-related or functional limitations." *Hughes v. Coleman*, 599 Fed. Appx. 765, 766 (9th Cir. April 15, 2015) (unpublished opinion) (citation omitted). Therefore, based on the record as a whole, and for the reasons stated, the Court concludes that Dr. Sindorf's assessment of plaintiff's GAF score is not a legitimate basis for failing to credit fully Dr. Sindorf's specific opinions regarding plaintiff's functional limitations.

Finally, the ALJ failed credit fully the opinions from Dr. Sindorf with a finding that Dr. Sindorf indicated that plaintiff's "condition actually improved and was stable with appropriate medication." AR. 21. However, when doing so, the ALJ ignored the indications in a letter from Dr. Sindorf in which Dr. Sindorf explicitly opined that

plaintiff's impairments preclude her from engaging in appropriate workplace behavior even though they are "'managed' to a substantial degree of improvement . . . ." AR. 509.

On April 8, 2015, Dr. Sindorf provided a letter which included the following:

> [Plaintiff's mood and anxiety spectrum issues], although "managed" to a substantial degree of improvement, preclude [plaintiff] engaging in appropriate workplace behavior, as would be required for employment. In essence, [plaintiff] is as of now, not qualified at a basic level to succeed in even an entry-level job, of any sort.
> As mentioned, improvement is noted with treatment, but sadly, improvement is not the same as cure, or even permanent improvement. Thus, it is my unfortunate obligation to state my opinion, and in this case, my opinion is that [plaintiff] will not be able to be gainfully employed in any conceivable setting in any conceivable time in the near or distant future.

*Id.*

The ALJ did not discuss these indications from Dr. Sindorf, and provided no reason to reject them. This is legal error as the ALJ must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). In addition, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Here, the indication from Dr. Sindorf that the fact that plaintiff was stable and experiencing some improvement did not negate his opinions that she nevertheless

suffered from disabling functional limitations was significant probative evidence that the ALJ erred in failing to discuss. *See* AR. 21. This is especially the case given that the ALJ failed to credit Dr. Sindorf's opinions with a finding that plaintiff's condition improved and was stable. *See* AR. 21, 509.

Because the Commissioner "may not reject 'significant probative evidence' without explanation," and because the ALJ failed to provide specific and legitimate rationale for the failure to credit fully Dr. Sindorf's opinion, the Court concludes that the ALJ erred. *See Flores*, 49 F.3d at 570-71. The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security

Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, the ALJ failed to credit fully opinions from plaintiff's treating physician that she would have multiple marked functional limitations, including marked limitation in her ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. *See* AR. 565. Fully crediting this opinion likely would lead to a different residual functional capacity determination, if not to a finding of disability. Therefore, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting [Dr. Sindorf's opinion], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

### (2) Whether the ALJ met her burden at step five of the sequential evaluation process.

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. As a necessity, the remainder of the sequential disability evaluation process, including step five, will need to be assessed anew.

### CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this Order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 22nd day of January, 2018.

J. Richard Creatura
United States Magistrate Judge